114 So.2d 324

Oscar L. McGRADY

v.

LIBERTY NATIONAL LIFE INSURANCE
COMPANY.

7 Div. 578.

Court of Appeals of Alabama.

Aug. 18, 1959.

Thos. Reuben Bell, Sylacauga, for appellant.

Spain, Gillon & Young, Ralph B. Tate
and Jos. G. Gamble, Jr., Birmingham, and
Dixon, Wooten & Boyett, Talladega, for
appellee.

CATES, Judge.

Is a boy who dies while in a school for
retarded children a member of the family
living in his father's household under a
"family group" life insurance policy if, at
the issuance of the policy and thereafter,
he was at the school and not at his parents'
home?

The trial judge thought not, for he directed a verdict for Liberty National in an action for $500, the scheduled amount payable on the death of this child.

McGrady's assignments of error raise other questions which, in our view, are inseparable from the main point as to the propriety of the peremptory charge.

Some two years before taking out this insurance, Mr. McGrady had his son committed by court order to the Partlow School, and the boy stayed there until he died in 1958. All the while the family lived in Sylacauga, a hundred miles away.

The contract, which was issued April 22, 1957, provided in part:

" * * * we insure you and the eligible members of your family * *

"Eligible Family Members—Members of your family who are insured under this policy are your wife and your unmarried children (including stepchildren and legally adopted children) under 19 years of age who live in your household."

The word "household" has a primary meaning of a group under one roof and a derived (and broader) meaning, e. g., "household of faith." Galatians 6:10.

The use of "family" and "household" in the same sentence in defining who, beside the father, is insured shows a difference in meaning of the two words.

 Accordingly, we consider one word was not merely a variation of the other. A contract should not, where purposeful utility can be found in its wording, be put to all the same tests for meaning as imaginative writing.

On the record before us, the judgment below is due to be

Affirmed.